IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WARREN McGILL                                                                                          PLAINTIFF

vs.                                              Civil No. 6:22-cv-06081

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b).  ECF No. 26.  Defendant responded to this Motion and raised no objections.  ECF No. 28.  The Parties have consented to the jurisdiction of this Court (ECF No. 7), and this matter is now ripe for consideration.

**1.     Background:**

On July 19, 2022, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On May 25, 2023, Plaintiff's case was reversed and remanded to the SSA for further administrative review.  ECF Nos. 19, 20.

After that remand, Plaintiff was found disabled and awarded disability benefits.  ECF No. 26-3.  On September 14, 2024, the Agency dispatched a Notice of Award, advising that $35,085.75 was being withheld for attorney's fees, representing 25% of the plaintiff's past-due benefit.  ECF No. 26-4.  Plaintiff had previously entered into a contingency-fee agreement with Plaintiff's attorney, in which he agreed to pay 25% of any past-due benefits awarded.  ECF No. 26-2.  Such contingency-fee agreements are contemplated by the Social Security Act.  *See* 42 U.S.C. § 406(b)(1)(A).

Despite the fact that 25% of Plaintiff's past-due benefits is $35,085.75, Plaintiff attorney requests a reduced attorney's fee award of $22,670.07.

**2.     Applicable Law:**

According to the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002), district courts are to give effect to plaintiffs' and their attorneys' contractual agreements and refrain from " 'depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice....' " *Id.* (quoting *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990)). The *Gisbrecht* Court observed that "[i]t is ... unlikely that Congress ... intended to install a lodestar method" for courts to use in reviewing the reasonableness of contingency fee awards. *Id.* at 806. Instead, Congress meant for reviewing courts to evaluate Section 406(b) awards for "reasonableness," and in doing so, act "as an independent check, to assure that [contingent fee arrangements] yield reasonable results in particular cases." *Id.* at 807. There are three indicia of reasonableness that courts should consider: (1) the character of the representation and results achieved, (2) whether the attorney was responsible for any delay, (3) and whether the attorney-fee benefit would be large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

**3.     Discussion:**

Based upon his itemized bill, Plaintiff's attorney spent 23.20 hours of work devoted to representing Plaintiff before the district court. ECF No. 26-1. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to twenty-five percent of past-due benefits. *Id.* In this matter, Plaintiff's attorney seeks an award of amount totals $22,670.07. ECF No. 26.

The Court has examined Plaintiff's Motion, Brief in Support, contingency-fee agreement, and exhibits attached to the Motion. The Court is now satisfied that an award of $22,670.07 in attorney's fees, made pursuant to 42 U.S.C. § 406(b), is reasonable due to the character of Plaintiff's representation and the positive results achieved for Plaintiff, the fact that Plaintiff's attorney was not responsible for any measurable delay in the proceedings, and the fact that the request for fees does

not represent a "windfall" to in comparison to the monetary award Plaintiff received and the amount of time invested in the case.

**4.** **Conclusion:**

Pursuant to 42 U.S.C. § 406(b), the Court awards the requested attorney's fees in the amount of $22,670.07.  **Further, the Court also directs Plaintiff's counsel to refund to Plaintiff the amount of $5,127.20,** which was awarded under the EAJA in attorney fees on August 13, 2023.  ECF No. 25.

**ENTERED this 3rd day of October 2024.**

                                              /s/ *Barry A. Bryant*
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE